UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DONALD G. MCDOWELL, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 1:14-cv-00334 |
| MONARCH RECOVERY MANAGEMENT, INC., | ) |  |
| Defendant. | ) |  |

## OPINION and ORDER

The Motion to Withdraw as Counsel of Record for Monarch Recovery Management, Inc., filed by Attorney Ryan T. Brown and Gordon & Rees LLP (Docket # 15) is SET for a hearing on December 23, 2014, at 11:00 a.m., Fort Wayne time. Attorney Brown; Cheryl Cooper, Monarch's General Counsel; and Plaintiff's counsel are to participate by telephone. The preliminary pretrial conference previously set for that date and time (Docket # 12) is VACATED. Monarch is reminded that a corporation cannot proceed *pro se*, that is, without an attorney. *See United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008) (explaining that a corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) ("[C]orporations must appear by counsel or not at all."). The Seventh Circuit Court of Appeals has explained:

> An individual is permitted by 28 U.S.C. § 1654 to proceed pro se in a civil case in federal court because he might be unable to afford a lawyer, or a lawyer's fee might be too high relative to the stakes in the case to make litigation worthwhile other than on a pro se basis. . . . But the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to

> hire a lawyer if you want to sue or defend on behalf of the entity. Pro se litigation is a burden on the judiciary, and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the benefits.

*Hagerman*, 545 F.3d at 581-82 (citations omitted).

Accordingly, if the Court grants Attorney Brown's motion to withdraw, Monarch must appear by successor counsel within the time to be set by this Court, or be subject to an entry of default and default judgment. *See id.*; *Kipp v. Royal & Sun Alliance Pers. Ins. Co.*, 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002). If successor counsel appears on behalf of Monarch prior to December 23, 2014, the Court will cancel the hearing on the Motion to Withdraw and reset the preliminary pretrial conference.

The Clerk is DIRECTED to send a copy of this Opinion and Order to:

> Monarch Recovery Management, Inc.
> Attention: Cheryl Cooper, General Counsel
> 10965 Decatur Road
> Philadelphia, PA 19154

SO ORDERED.

Entered this 9th day of December 2014.

> S/ Roger B. Cosbey
> Roger B. Cosbey,
> United States Magistrate Judge