UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONALD G. MCDOWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:14-cv-00334-JVB-SLC ) |
| MONARCH RECOVERY MANAGEMENT, INC., | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION
COMPLAINT AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant, MONARCH RECOVERY MANAGEMENT, INC., by counsel Hinshaw & Culbertson LLP, and for its Answer to the Plaintiff's Complaint, states as follows:

**INTRODUCTION**

1. This action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

**ANSWER:** Defendant admits that Plaintiff has brought this claim pursuant to the Fair Debt Collection Practices Act in this Court. However, Defendant denies jurisdiction in this Court on the basis that Plaintiff's claims are subject to arbitration pursuant to a valid and enforceable arbitration clause in Plaintiff's credit card agreement.

2. Defendant sent a collection letter that encourages the consumer to settle the alleged debt, but states that the amount to settle the debt may change if the total balance changes due to the addition of interest. The letter thus encourages the consumer to make a settlement payment that is short of the amount necessary to effectuate the settlement, without informing the

consumer how to ascertain what that amount is and enter into a binding settlement. Defendant obtains the consumer's money, and can continue collecting the remainder of the total balance.

**ANSWER:** Defendant admits that it sent a letter to the Plaintiff. Further answering, Defendant denies the allegations contained in paragraph 2.

3. Plaintiff alleges that Defendant's practice is deceptive, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair and unconscionable method of collecting a debt, in violation of 15 U.S.C. §1692f.

**ANSWER:** Defendant denies the allegations contained in paragraph 3.

## JURISDICTION AND VENUE

4. The Court has jurisdiction pursuant to 15 U.S.C. 211692k and 28 U.S.C. §§ 1331 and 1337.

**ANSWER:** Defendant denies the allegations contained in paragraph 4. The Plaintiff's claims are subject to arbitration pursuant to a valid and enforceable arbitration clause in Plaintiff's credit card agreement.

5. Venue and personal jurisdiction are proper because Defendant sent its collection letter into this District.

**ANSWER:** Defendant denies the allegations contained in paragraph 5. The Plaintiff's claims are subject to arbitration pursuant to a valid and enforceable arbitration clause in Plaintiff's credit card agreement.

## PARTIES

6. Plaintiff Donald G. McDowell is an individual who resides in Fort Wayne, Indiana.

**ANSWER:**  Upon information and belief, Defendant admits that Plaintiff is an individual.  Further answering, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a(3), in that defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Defendant Monarch Recovery Management, Inc. ("Monarch") is a Pennsylvania corporation with its principal place of business located at 10965 Decatur Road, Philadelphia, Pennsylvania 19154.  It does business in Indiana.  Its registered agent and office is CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, IN  46204, or 208 S. LaSalle Street, Suite 814, Chicago, IL  60604.

**ANSWER:**  Defendant admits that it is a Pennsylvania corporation with its principal place of business located at 10965 Decatur Road, Philadelphia, Pennsylvania 19154.  Further answering, Defendant denies that it does business in Indiana, but admits that it collects debts from consumers residing in Indiana.  Further answering, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Monarch is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

**ANSWER:**  Upon information and belief, Defendant admits that in some instances and for some purposes, it uses the mails and telephone to collect consumer debts.  Further answering, Defendant denies the remaining allegations contained in paragraph 9.

10. Monarch is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.  Monarch is a debt collector as defined in 15 U.S.C. §1692a.

**ANSWER:** Upon information and belief, Defendant admits that in some instances, and for some purposes, it is a debt collector as that term is defined in 15 U.S.C. § 1692a of the FDCPA.  Defendants are without knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 10 of Plaintiff's Complaint.

### FACTS

11. On or about October 29, 2013, Monarch mailed a debt collection letter to plaintiff (Exhibit A) regarding an alleged consumer credit card debt.

**ANSWER:** Defendant admits the allegations contained in paragraph 11.

12. On information and belief, the alleged debt that Monarch was attempting to collect was a personal credit card account, used primarily for personal, family or household purposes and not business purposes.

**ANSWER:** Defendant admits that the debt Monarch was attempting to collect was a Citibank, N.A. account.  Defendant is without knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 12 of Plaintiff's Complaint.

13. On information and belief Exhibit A was the first letter Plaintiff was sent by Monarch regarding this alleged debt.

**ANSWER:** Defendant admits the allegations in paragraph 13 of Plaintiff's Complaint.

14. On information and belief Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

**ANSWER:** Defendant denies the allegations contained in paragraph 14.

15. On information and belief, Exhibit A is a form, initial communication, debt collection letter used by Monarch to attempt to collect alleged debts.

**ANSWER:** Defendant denies the allegations contained in paragraph 15.

16. Exhibit A contained the following text:

> If you choose not to pay the balance in full, the creditor is willing to accept a settlement of 50% of the total balance due, which is ***$1892.50*** as of the date of this letter.  Please note this settlement amount will change if the total balance due changes.  Our client has allowed us to extend you this offer for as long as Monarch Recovery Management, Inc. services this account…

**ANSWER:** Defendant admits that the allegations of paragraph 16 purport to quote portions of Exhibit A.  Defendant denies that the allegations of paragraph 16 accurately characterize Exhibit A when taken in its entirety.

17. Exhibit A also states that "As of the date of this letter, you owe $3785.00.  The amount due on the day you pay may be greater as interest may be added by the creditor.  Hence, if you pay the total balance due shown above, an adjustment may be necessary after we receive your payment."

**ANSWER:** Defendant admits that the allegations of paragraph 17 purport to quote portions of Exhibit A.  Defendant denies that the allegations of paragraph 17 accurately characterize Exhibit A when taken in its entirety.

18. Because of the delay inherent in mailing the letter and the accrual of interest, by the time the consumer receives the offer, the actual amount necessary to settle will be greater than the $1892.50 stated.

**ANSWER:** Defendant denies the allegations contained in paragraph 18.

19. If a consumer mails payment for the full "settlement amount," and that amount has changed due to the accrued interest, the debt is thus not "settled," and the entire remaining balance remains outstanding.

**ANSWER:** Defendant denies the allegations contained in paragraph 19.

20. Read literally, Monarch's "settlement offer" encourages the unsophisticated consumer to pay money, in expectation that the debt would be settled, but that payment would not actually settle the debt.

**ANSWER:** Defendant denies the allegations contained in paragraph 20.

21. The consequences of misleading a consumer with respect to settling a debt are much greater than misleading a consumer about the amount of the debt. A payment of the entire debt would leave pennies or, at most, a few dollars left over for payment later. *See e.g., Miller v. McCalla Raymer, Patrick, Cobb, Nicholas & Clark, L.L.C.,* 214 F. 3d. 872 (7th Cir. 2000). Due to a few remaining dollars or cents of interest, however, Monarch ould continue to collect the remaining balance -- 50% -- of the alleged debt, plus any additional interest that had accrued.

**ANSWER:** Defendant denies the allegations contained in paragraph 2.

22. Defendant could and should have informed the consumer how to obtain an exact settlement amount as of the date on which Defendant would have received it. *Miller v. McCalla Raymer, Patrick, Cobb, Nicholas & Clark, L.L.C.,* 214 F. 3d 872 (7th Cir. 2000). Alternatively, defendant could have offered to settle for a fixed amount of money.

**ANSWER:** Defendant denies the allegations contained in paragraph 22.

### COUNT I - FDCPA

23. Plaintiff incorporated paragraphs 1-22.

**ANSWER:** Defendant's responses to the allegations asserted in paragraph 1 through 23 are incorporated as though fully set forth herein.

25345751v1 0967206

24. 15 U.S.C. §1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

**ANSWER:** Defendant admits that the allegations in paragraph 24 purport to quote portions of the FDCPA. Further answering, Defendant denies the allegations of paragraph 24 accurately characterize the FDCPA when taken in its entirety.

25. 15 U.S.C. §1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

**ANSWER:** Defendant admits that the allegations in paragraph 25 purport to quote portions of the FDCPA. Further answering, Defendant denies the allegations of paragraph 25 accurately characterize the FDCPA when taken in its entirety.

26. 15 U.S.C. §1692f prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER:** Defendant admits that the allegations in paragraph 26 purport to quote portions of the FDCPA. Further answering, Defendant denies the allegations of paragraph 26 accurately characterize the FDCPA when taken in its entirety.

27. The collection practice described above violates 15 U.S.C. §1692e, 1692e(10) and 1692f.

**ANSWER:** Defendant denies the allegations contained in paragraph 27.

## CLASS ALLEGATIONS

28. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this action on behalf of a class, consisting of (a) all natural persons with Indiana addresses (b) who were sent a collection letter in the form represented by Exhibit A, (c) on or after a date one year prior to the filing of this action and (d) on or before a date 20 days after the filing of this action.

**ANSWER:** Defendant denies that this class definition meets the requirements of certification under Federal Rule 23. Defendant denies that a class action exists and denies the remaining allegations contained in paragraph 28.

29. The class is so numerous that joinder is impracticable.

**ANSWER:** Defendant denies that this class definition meets the requirement for class certification under Federal Rule 23. Defendant denies that a class action exists and denies the remaining allegations contained in paragraph 29.

30. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's letter violated 15 U.S.C.

**ANSWER:** Defendant denies that this class definition meets the requirement for class certification under Federal Rule 23. Defendant denies that a class action exists and denies the remaining allegations contained in paragraph 30.

31. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:** Defendant denies that this class definition meets the requirement for class certification under Federal Rule 23. Defendant denies that a class action exists and denies the remaining allegations contained in paragraph 31.

32. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:** Defendant denies that this class definition meets the requirement for class certification under Federal Rule 23. Defendant denies that a class action exists and denies the remaining allegations contained in paragraph 32.

25345751v1 0967206

33. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**ANSWER:** Defendant denies that this class definition meets the requirement for class certification under Federal Rule 23. Defendant denies that a class action exists and denies the remaining allegations contained in paragraph 33.

WHEREFORE, Defendant MONARCH RECOVERY MANAGEMENT, INC. denies that Plaintiff is entitled to judgment against it in any amount whatsoever and prays for judgment in its favor with costs assessed against the Plaintiff.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: /s/ Jennifer Kalas
Jennifer Kalas (17396-64)
322 Indianapolis Blvd., Suite 201
Schererville, IN 46375
219-864-5051
jkalas@hinshawlaw.com

**AFFIRMATIVE DEFENSES**

Now Comes Defendant, MONARCH RECOVERY MANAGEMENT, INC., by counsel, and for its Affirmative Defenses, state as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are subject to an arbitration clause. Defendant is an assignee of Plaintiff's credit card account and is entitled to enforce the terms of the arbitration agreement contained within the Plaintiff's credit card agreement. Plaintiff has waived his right to participate in a class action and has agreed to binding arbitration only on an individual basis. Pursuant to

9

the Federal Arbitration Act, 9 U.S.C. §§ 1 through 16, arbitration must be compelled whereas here a valid and enforceable agreement to arbitrate exists and Plaintiff's claims are within the scope of the arbitration provision of his credit card agreement.

## SECOND AFFIRMATIVE DEFENSE

Any violation of the FDCPA which Defendant denies occurred, was not intentional, and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's damages, if any, must be set off by amounts owed on his delinquent account.

## FOURTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: /s/ Jennifer Kalas
Jennifer Kalas (17396-64)
322 Indianapolis Blvd., Suite 201
Schererville, IN 46375
219-864-5051
jkalas@hinshawlaw.com

25345751v1 0967206

## **CERTIFICATE OF SERVICE**

I certify that on the 27th day of January, 2015 a copy of the foregoing ANSWER and AFFIRMATIVE DEFENSES was filed electronically. Notice of this filing will be sent to all Counsel of Record via the Court's electronic filing system.

                              HINSHAW & CULBERTSON LLP

                        By:   s/ Jennifer Kalas
                                Jennifer Kalas

Michelle R Teggelaar: mteggelaar@edcombs.com

Daniel A Edelman: courtecl@edcombs.com

David M Schultz: dschultz@hinshawlaw.com

Ryan T Brown: rtbrown@gordonrees.com